## ARNOLD *v.* STATE OF INDIANA.

[No. 13,659.   Filed May 14, 1929.   Rehearing denied August 1, 1929.]

*W. D. Hardy,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

REMY, J.—Appellant was convicted of maintaining a common nuisance, in violation of §24 of the Prohibition Act (Acts 1925 p. 144, §2740 Burns 1926). On appeal, the error assigned is the action of the court in overruling motion for new trial; and the only reason for new trial presented is the alleged error in the admission of certain evidence.

It appears from the record that four police officers, armed with a search warrant, searched the premises of appellant, and found therein large quantities of intoxicating liquors, including whisky and beer; also rooms furnished with tables and chairs to be used in the serving of liquors. The record also discloses that the reputation of appellant's place was bad, as being a place resorted to by persons for the purpose of drinking intoxicating liquor. Appellant was duly served with notice of the search warrant before the search, and was present while the search was being made by the officers. After the trial had begun, and the State had submitted a part of its evidence, appellant objected to the evidence as to what was observed and seized by the police officers at the time they made the search, the reason given for the objection being that the search warrant was invalid. No motion to suppress the evidence procured by reason

of the search warrant had been made. The first objection to such evidence was made when the State sought to prove by one of the officers what was observed and found as a result of the search; and no reason or excuse was offered by appellant for his delay in raising the question.

It is a well-settled general rule of practice that objection to the admissibility of evidence, unless timely made, is waived, and the admissibility of evidence ascertained by virtue of an illegal search warrant is no exception to the rule. *Hantz* v. *State* (1929), 166 N. E. (Ind. App.) 439, and cases there cited. The reason for the rule is that to do so would be to pause in the midst of a trial to determine a collateral issue. We hold that the objection to the evidence on the ground that it was procured by what appellant claimed was an illegal search was not timely made, and that the admission of the evidence was not error.

· Affirmed.